UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-4-DCR

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                            MAGISTRATE JUDGE'S
                              REPORT AND RECOMMENDATION

BILL DANIEL COMBS,                                                                     DEFENDANT.

 

The defendant previously provided notice of his intent, pursuant to Rule 12.2, to present evidence at trial of insanity at the time of the offenses alleged in the indictment. In response, the Court granted a motion for a competency evaluation and directed that custodial evaluation pursuant to 18 U.S.C. §§ 4241 be conducted by an evaluator with the Bureau of Prisons. The evaluations occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist. In the competency report, the evaluator opines that Ferguson is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, to address the issue of current competency. At the hearing, the parties appeared with counsel, and as it relates to the report of current competency. The Defendant, through counsel, refused to stipulate to any opinions expressed in the report indicating that during the evaluation he either exaggerated his symptoms, or was malingering. The parties, including the Defendant, otherwise stipulated to the Report's findings and conclusion that he is competent to proceed, as well as the evaluator's credentials and qualifications. The parties also waived introduction of other proof and argument in opposition.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. The evaluator personally observed the Defendant during

direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. Ultimately, the evaluator found that Combs does not currently have a mental disease or defect which would have an adverse impact on his ability to proceed with this legal case, including sentencing.

The evaluator determined that Combs is competent, stating that he was able to participate in the legal interview and obtain knowledge for information he did not previously have without issue or observable memory deficits. Further, the evaluator stated, there appear to be no symptoms that would interfere with his factual and rational knowledge of his current charges or the Court processes, nor do symptoms render him unable to work collaboratively his attorney. In addition, during the Court hearing, the undersigned observed no reason to be concerned regarding his factual understanding of the proceedings.

At the hearing, Combs was placed under oath and questioned by the Court regarding his desire to stipulate to the findings and conclusions of the competency report. Combs confirmed that he had consulted with counsel, and received and reviewed the report as well as other relevant documents, to include the indictment. He was informed of the effect of finding him competent to proceed, and thereafter stipulated to the findings and conclusions in the report, except for any conclusions that he exaggerated or malingered during the evaluation. Defense counsel provided no observations to conflict with Combs' stipulation or the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find the Defendant competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 13th day of September, 2023.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge