UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-cr-004-DCR-EBA-01

UNITED STATES OF AMERICA                                   PLAINTIFF

VS.

BILL DANIEL COMBS                                          DEFENDANT

---

## SENTENCING MEMORANDUM

---

Comes the Defendant, Bill Daniel Combs, by and through counsel, and files the following memorandum to aid the Court in determining his appropriate sentence. The Defendant filed several objections to the presentence report, which are further addressed in this memorandum.

OBJECTIONS TO PRESENTENCE REPORT

Paragraphs #7 and #8

The Defendant objects to the inclusion of the information contained in paragraphs 7 & 8 of the presentence report as they include conduct which is not relevant to the count to which the Defendant entered a plea of guilty. These two paragraphs described conversations the Defendant had with the minor female involved in this case. The conversations cited refer to sexual contact between the child and the Defendant. The Defendant entered a plea of guilty to the charge of production of child pornography. The child pornography in question did not involve sexual contact between the Defendant and the minor child. The pictures produced were explicit, but were of the minor child alone.

When determining the offense level to apply, the Court is to consider relevant conduct.

U.S.S.G. §1B1.3. Relevant conduct is defined as:

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. §1B1.3(a)(1)(A). In this case, the conversations in the text messages described in paragraphs 7 & 8 discuss sexual activity between the minor child and the Defendant. The conversations do not describe the photographs sought by the Defendant. While the sexual activity is prohibited by law, it did not occur during the request for photographs and was otherwise unrelated to the photographs. Therefore, paragraphs 7 & 8 include conversations which describe activity which is not relevant to the crime for which the Defendant is being sentenced.

U.S.S.G. §1B1.4 cited by the probation officer describes what the Court may consider when determining the sentence within the applicable guideline range or whether to deviate from the applicable guideline range. This section presumes the Court has already determined the offense level using relevant conduct. However, the officer indicates paragraphs 7 & 8 include information to be used in the enhancements he applied to the offense level. Therefore, the information should be evaluated under U.S.S.G. §1B1.3, not U.S.S.G. §1B1.4. As described above, evaluating the information under the relevant conduct provision leads to the conclusion that the information in paragraphs 7 & 8 should not be included.

<u>Paragraph #38</u>

For similar reasons, the two-point enhancement applied by the presentence report pursuant to U.S.S.G. §2G2.1(b)(2)(A) is improperly applied. The PSR agrees that the photographs which were produced did not involve a sexual act. The PSR bases this enhancement solely on the behavior described in paragraphs 7 & 8. If this behavior is not relevant conduct, it cannot be the

basis for the enhancement.

Paragraph # 39

The PSR applies a two-point enhancement for distribution of the child pornography involved in the case, pursuant to U.S.S.G. §2B2.1(b)(3). The probation officer agrees there is no evidence that the Defendant actually distributed the photographs himself. The officer bases this enhancement on the minor child's sending the photographs to him by Facebook Messenger, which caused distribution of the photographs. The Defendant's solicitation of the photographs is not a basis for the enhancement. U.S.S.G. §2G2.1 Comment 1. The enhancement for distribution includes posting on a website, *Id.*, and the use of a peer-to-peer network. *U.S. v. Abbring*, 788F.3 565, 567 (6th Cir. 2015). Facebook Messenger is not a peer-to-peer network, but rather a messaging service that allows users to privately message each other. Distribution necessarily requires that a defendant make some effort to either actually send the images to someone else or make the images available for others to access.

Paragraph #42

The Defendant objects to the application of the two-point enhancement for the involvement of someone under the age of 18, pursuant to U.S.S.G. §3B1.4. The probation officer states that the application is appropriate because the minor fulfilled a dual role as photographer and model. The Defendant was convicted of production of child pornography which one minor child, who was under 18 at the time. If she had not been under 18, there would have been no basis for the child pornography charge. To further enhance the base offense level for production of child pornography because the subject was under 18 is duplicative, or double counting. The minor child was the only person involved in the conduct and, therefore, the taking and sending of the pictures was all one act. Two separate harms did not occur and the enhancement does not apply.

<u>CONCLUSION</u>

If each of these objections are sustained, the guideline calculation changes from an offense level of 46, which was reduced to the maximum 43, to 40. While this does not change the guideline range due to the Defendant's criminal history category, it does show the Defendant is not at the maximum offense level permitted by the guidelines. This is a factor which the Court can consider when arriving at a final sentence.

/s/ Patrick E. O'Neill
PATRICK E. O'NEILL
1029 College Ave Ste 101
Jackson, Kentucky 41339
Phone: (606) 666-2990
Fax: (606) 666-9084
Email: peoneill@turneroneill.com
ATTORNEY FOR BILL DANIEL COMBS

**CERTIFICATE**

I certify that on this the 21st day of January, 2024, I filed this motion using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Patrick E. O'Neill