NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0495n.06

No. 24-5111

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | FILED |
| | ) | Dec 06, 2024 |
| v. | ) | KELLY L. STEPHENS, Clerk |
| | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| BILL DANIEL COMBS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; MURPHY and BLOOMEKATZ, Circuit Judges.

MURPHY, Circuit Judge. Bill Combs persuaded a young girl to send him sexually explicit photos of herself. He later pleaded guilty to unlawfully producing child pornography. When calculating Combs's guidelines range, the district court relied on evidence that he had also sexually abused his victim. On appeal, Combs claims that this evidence did not permit the court to impose two sentencing enhancements. But the court properly applied one of the enhancements, and the other one did not affect his guidelines range. We thus affirm the court's 360-month sentence.

In February 2021, the Kentucky State Police started to investigate Combs over his relationship with a 14-year-old girl in Pikeville, Kentucky. As part of the investigation, Facebook produced the messages that Combs had exchanged with this young girl on Facebook Messenger from late January into early February. These messages referred to sexual acts that Combs had previously engaged in with her. The messages also showed Combs soliciting her to take sexually

No. 24-5111, *United States v. Combs*

explicit pictures of herself and to share those pictures with him. She sent him two of these explicit photos on February 10. During an interview the next month, the victim acknowledged Combs's past sexual abuse and explained that they had engaged in the prior sex acts when living in the same house a year or so in the past.

Combs pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a). The district court calculated his guidelines sentence as life imprisonment. This conclusion rested in part on the court's factual finding that Combs had sexually abused the victim before he had solicited her to send him the two sexually explicit pictures. The court made that finding based mainly on Combs's text messages with the victim. Despite this life-sentence guidelines calculation, Combs's crime had a statutory maximum of 30 years' imprisonment. *See* 18 U.S.C. § 2251(e). So that term of years became Combs's guidelines sentence. The court imposed this 30-year term of imprisonment.

Combs appealed. He now argues that the district court wrongly relied on two sentencing enhancements to calculate his guidelines range. The court first imposed a five-level enhancement on the ground that Combs had engaged in a pattern of prohibited sexual conduct with the victim. *See* U.S.S.G. § 4B1.5(b)(1). It next imposed a two-level enhancement on the ground that his crime involved a sexual act with her. *Id.* § 2G2.1(b)(2)(A). We will consider each enhancement in turn.

*Section 4B1.5(b)(1): Pattern of Prohibited Sexual Conduct.* Section 4B1.5 increases the punishment for defendants who commit repeated sex crimes against minors. As relevant now, this guideline requires district courts to impose a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct[.]" *Id.* § 4B1.5(b). The parties do not dispute that two of these three elements

2

No. 24-5111, *United States v. Combs*

apply here. They do not dispute that Combs's conviction for producing child pornography qualifies as a "covered sex crime." *See id.* § 4B1.5 n.2(A)(ii). They also do not dispute that Combs did not qualify as a career offender under § 4B1.1 or have a prior "sex offense conviction" under § 4B1.5(a). Their dispute instead turns only on whether Combs "engaged in a pattern of activity involving prohibited sexual conduct" with the victim. *Id.* § 4B1.5(b).

Even on this final element, the parties disagree only on a narrow issue. Combs accepts that a pattern of prohibited sexual conduct can exist under § 4B1.5 if "the defendant engaged in prohibited sexual conduct with a minor" "on at least two separate occasions[.]" *Id.* § 4B1.5 n.4(B)(i). Combs also accepts that a defendant's current conviction can count toward this total. *Id.* § 4B1.5 n.4(B)(ii); *see United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019). And he accepts that a defendant's prior *uncharged* crimes can count toward it too. U.S.S.G. § 4B1.5 n.4(B)(ii); *see United States v. Corp*, 668 F.3d 379, 391–92 (6th Cir. 2012). Combs lastly does not dispute that his current child-pornography conviction and his prior sexual acts with the victim both qualify as "prohibited sexual conduct" under § 4B1.5(b)(1). *See* U.S.S.G. § 4B1.5 cmt. n.4(A).

So what does Combs dispute? He offers two reasons why we may not rely on his prior sexual abuse as one of the two required "occasions" of prohibited sexual conduct. *Id.* § 4B1.5 n.4(B)(i). Combs first asserts that the prior sexual abuse does not qualify as "relevant conduct" for his current conviction because he did not engage in the abuse "during the commission of" his child-pornography offense, "in preparation for that offense, or in the course of attempting to avoid detection or responsibility for" it. *Id.* § 1B1.3(a)(1). But a defendant's prior misconduct generally must fall within this "relevant conduct" definition only if a district court seeks to use that prior misconduct to determine the defendant's "base offense level," any "specific offense

3

characteristics," any "cross references in Chapter Two" of the Sentencing Guidelines, or any "adjustments in Chapter Three[.]" *Id.* § 1B1.3(a). A defendant's prior crimes, by contrast, need not fall within this relevant-conduct definition when the district court applies the career-offender provisions in Chapter Four (including § 4B1.5). *See id.* § 1B1.3(a)–(b); *United States v. Preece*, 2023 WL 395028, at *5–7 (6th Cir. Jan. 25, 2023). Combs's past abuse thus did not need to qualify as "relevant conduct" for the district court to consider it under § 4B1.5(b)(1).

Combs next argues that the district court did not, in fact, rely on his prior sexual abuse for this enhancement. He argues that the court instead found that the two explicit photos were created on two separate "occasions" and thus that the photos alone sufficed to apply the enhancement. Combs adds that the court erred in this regard because the victim created the two photos at the same time. *Cf. Wooden v. United States*, 595 U.S. 360, 366–76 (2022). But we need not decide whether the production of the two photos occurred on separate occasions because Combs is wrong to suggest that the court did not rely on his prior sexual abuse. Admittedly, the court said that the "activity here" established a pattern of prohibited sexual conduct without identifying any specific incidents. Sent. Tr., R.71, PageID 329. But the court adopted the "findings" in Combs's presentence report. *Id.*, PageID 330. That report found that Combs's prior abuse qualified as prohibited sexual conduct under § 4B1.5(b)(1). By incorporating the report's findings, the court incorporated this logic. And since the creation of the photos and the prior abuse occurred at different times, Combs engaged in prohibited sexual conduct on the two occasions required to trigger § 4B1.5(b)(1).

*Section 2G2.1(b)(2)(A): Sexual Act or Contact.* Section 2G2.1(b)(2)(A) increases a defendant's offense level by two if the "offense involved" "the commission of a sexual act or sexual contact." U.S.S.G. § 2G2.1(b)(2)(A). The parties agree that the "relevant conduct"

4

No. 24-5111, *United States v. Combs*

definition *does* apply to this enhancement. *See id.* § 1B1.3(a). But the district court found that Combs's prior sex acts with the victim qualified as relevant conduct for his later efforts to get her to create explicit photos. It reasoned that the prior acts qualified as "grooming" behavior designed to get her to produce the photos. Sent. Tr., R.71, PageID 326. The court thus found that Combs had engaged in the prior abuse "in preparation for" his current child-pornography offense. U.S.S.G. § 1B1.3(a)(1).

We need not address this theory's validity. Even if the court wrongly imposed this enhancement, it would not have changed Combs's guidelines sentence. We have often held (as a common-sense matter) that a district court's errors in calculating a defendant's guidelines range did not harm the defendant when those errors did not affect the defendant's ultimate guidelines range (or when they produced a lower range than the defendant should have received). *See United States v. Faulkner*, 926 F.3d 266, 275 (6th Cir. 2019); *United States v. Aguilar-Andres*, 780 F. App'x 231, 234 (6th Cir. 2019); *United States v. Bivens*, 811 F.3d 840, 843 (6th Cir. 2016); *see also United States v. Bell*, 661 F. App'x 318, 325 (6th Cir. 2016).

This principle applies here. The district court calculated Combs's total offense level as 46. Without this two-level enhancement, his total offense level would have declined to 44. Yet this number still would have exceeded the highest possible offense level under the guidelines: 43. The district court thus still would have reduced Combs's total offense level to 43. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) cmt. n.2. And his guidelines sentence would have remained his statutory maximum: 360 months' imprisonment. Because this two-level enhancement did not affect Combs's proper guidelines sentence, any (assumed) error in applying the enhancement was harmless. *See Faulkner*, 926 F.3d at 275.

We affirm.

5